## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-CV-61131-LEIBOWITZ/STRAUSS

**SARAH ISRAEL,**

　　　　Plaintiff,

v.

**GRAND PEAKS PROPERTY
MANAGEMENT, INC.,**

　　　　Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Verified Motion for Bill of Costs ("Motion") [DE 77], filed on November 20, 2024.  The Motion has been referred to me to take all action as required by law [DE 78].  I have reviewed the Motion and all attachments thereto, Defendant's Response [DE 85], and the record in this case.  For the reasons discussed herein, I respectfully **RECOMMEND** the Motion [DE 77] be **GRANTED-IN-PART** and **DENIED-IN-PART**.

### BACKGROUND

On June 12, 2023, Plaintiff filed a two-count complaint alleging religious and race/color discrimination.[1]  [DE 1].  Defendant moved to dismiss the Complaint, which the Court subsequently granted.  [DE 16].  Plaintiff then filed a three-count amended complaint alleging religious, race, and color discrimination.  [DE 21].  Again, Defendant moved to dismiss two of the three counts of the Amended Complaint.  [DE 24].  Plaintiff failed to respond to Defendant's

---

[1] Plaintiff combined her race/color discrimination claim into one count.

motion to dismiss, and the Court granted Defendant's motion but permitted Plaintiff to file a second amended complaint.  [DE 25; 27].  Plaintiff filed her Second Amended Complaint which, like the previous iterations, contained claims of religious, race, and color discrimination.  [DE 28].  Defendant moved to dismiss Plaintiff's race and color discrimination claims, which the Court granted after Plaintiff failed to respond to Defendant's motion to dismiss.  [DE 35].

The case progressed, and Defendant moved for summary judgment on the remaining count, religious discrimination.  [DE 59].  After reviewing the briefing from both parties, the Court granted Defendant's summary judgment motion in its entirety.  [DE 72].  Defendant now moves to recover its costs, seeking $3,857.95.  [DE 77].  Plaintiff initially failed to respond to the Motion.  Instead, on the date Plaintiff's response was due, Plaintiff's attorney filed a motion to withdraw.  [DE 82].  The Court denied that motion to withdraw and directed Plaintiff to respond to Defendant's Motion by December 13, 2024.  [DE 83].  On December 13, Plaintiff filed her response.  [DE 85].  In that response, Plaintiff's attorney stated that he had asked Plaintiff to review the Motion and provide any objections but had not received any response.  *Id.* at 1.  Moreover, the Response concedes that, "Defendant would be entitled to an award of costs, provided those costs are reasonable and necessary and conforms with the applicable statutes and court rules."  *Id.* at 2.

## <u>ANALYSIS</u>

### I.   TAXABLE COSTS

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54.  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)).  While a trial court has some discretion in deciding

whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

According to the Motion, Defendant seeks an award of the following costs:

| Description | Amount |
|---|---|
| Fees for service of subpoenas | $1,703.91 |
| Court reporters and deposition transcripts | $2,1554.04 |
| **Total** | **$3,857.95** |

Although the Motion is essentially unopposed, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Richardson v. Fla. Drawbridges Inc.*, No.

3

21-CV-80803, 2022 WL 3370789, at *1 (S.D. Fla. Aug. 16, 2022).  Therefore, I will evaluate the propriety of each of Defendant's requested costs, in turn.[2]

### A.  Fees for Service of Subpoenas

Fees for service of a summons or subpoena by private process servers are taxable under § 1920(1).  *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000).  The Marshal charges $65.00 per hour for each item served (plus travel costs and any other out-of-pocket expenses).  28 C.F.R. § 0.114(a)(3).  Here, Defendant served twenty-three subpoenas. *See* [DE 77–2]; [DE 84–1].  The invoices are for the following amounts:

| Description | Amount |
|---|---|
| Helping Hands Staffing, Inc. D.B.A. HH Staffing Services | $75.00 |
| Rivergate KW Management, LLC D.B.A. RKW Residential | $52.00 |
| Florida Resource Management LLC | $75.00 |
| BG Staffing, LLC | $75.00 |
| Cottonwood Communities Management, LLC | $75.00 |
| FPI Management, Inc. | $52.00 |
| Greystar Management Services, L.P. | $52.00 |
| HireKU Inc. D.B.A. JazzHR | $125.00 |
| ICIMS, Inc. | $75.00 |
| Jones Lang Lasalle Americas, Inc. | $52.00 |
| Pegasus Residential, L.L.C. | $52.00 |
| Progress Residential, LLC | $75.00 |
| Resprop Management Company LLC | $52.00 |
| TRG Management Company LLLP | $52.00 |
| Avanti Residential – Sanctuary TIC I, LLC | $112.50 |
| Milestone Management Services, Inc. | $37.50 |
| Pinnacle Property Management Services, LLC | $112.50 |
| Taplin Falls, LTD | $112.50 |
| Equity Management Partners, Inc. | $112.50 |
| HTG Management, LLC | $112.50 |

---

[2] As Plaintiff concedes, Defendant is the "prevailing party," having succeeded in rebuffing Plaintiff's claims through its successful motions to dismiss and for summary judgment.  *See Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1362 (11th Cir. 2024).  Therefore, Defendant is entitled to its reasonable, taxable costs.

| HCA Florida Healthcare – Behavioral Health | $82.50 |
| LeaseFlorida Sunrise LLC | $37.50 |
| LeaseFlorida Sunrise LLC | $44.91 |

[DE 77–2]; [DE 84–1].

Defendant acknowledges that several of the invoices exceed the Marshal's $65.00 hourly rate.  [DE 77] at 4.  However, Defendant argues, citing to *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328 (S.D. Fla. 2009), that a court may award fees paid to private process servers above the statutory limit if the circumstances justify it.  [DE 77] at 3.  The rationale applied in *Monelus* is inapposite here.

In *Monelus*, the defendant sought to recover $60.00 for serving the plaintiff with the defendant's summary judgment motion.  *Monelus*, 609 F. Supp. 2d at 1334.  At the time, the Marshal charged $45.00 per hour.  *Id.*  The defendant explained that the higher cost was reasonable because (1) the plaintiff's past failures to participate in the case necessitated that the defendant make personal service of its summary judgment motion to ensure and verify receipt by the plaintiff; and (2) it took the process server numerous attempts to serve the plaintiff.  *Id.*  The court found that the higher cost was "justified and appropriate in light of the specific facts of the case, and based on [the defendant's] explanation of the $60.00 charge . . . the private service actually cost less than the $45.00–per–hour rate charged by the U.S. Marshal."  *Id.*

Here, Defendant's justification for the higher cost of serving several of its subpoenas is that the third-party vendor used had "specialized expertise [which] ensured full compliance with procedural requirements and timely execution."  [DE 77] at 4.  Defendant argues that using this vendor was "essential to prevent errors or omissions that could have resulted in costly delays or prejudice to Defendant."  *Id.*  However, unlike the defendant in *Monelus*, Defendant does not explain why such services were necessary nor why they could not have been performed by the

Marshal service for $65.00 an hour.  Defendant does not allege that the third-party vendor had trouble serving Plaintiff (requiring several attempts) or that there was some sort of history of errors or delays in serving Plaintiff.  Nor does Defendant describe what "specialized expertise" its chosen third-party vendor provided.  Thus, Defendant has failed to establish that the higher cost was "justified and appropriate in light of the specific facts of the case."  *Monelus*, 609 F. Supp. 2d at 1334.

Because Defendant is the prevailing party, and fees for service of a summons or subpoena by private process servers are taxable under § 1920(1), Defendant should be awarded costs for service.  However, Defendant should only be awarded costs that do not exceed the Marshal's $65.00 rate.  The chart below reflects the recommended awarded amount of $1,328.91.

| Description | Requested | Awarded |
|---|---|---|
| Helping Hands Staffing, Inc. D.B.A. HH Staffing Services | $75.00 | **$65.00** |
| Rivergate KW Management, LLC D.B.A. RKW Residential | $52.00 | **$52.00** |
| Florida Resource Management LLC | $75.00 | **$65.00** |
| BG Staffing, LLC | $75.00 | **$65.00** |
| Cottonwood Communities Management, LLC | $75.00 | **$65.00** |
| FPI Management, Inc. | $52.00 | **$52.00** |
| Greystar Management Services, L.P. | $52.00 | **$52.00** |
| HireKU Inc. D.B.A. JazzHR | $125.00 | **$65.00** |
| ICIMS, Inc. | $75.00 | **$65.00** |
| Jones Lang Lasalle Americas, Inc. | $52.00 | **$52.00** |
| Pegasus Residential, L.L.C. | $52.00 | **$52.00** |
| Progress Residential, LLC | $75.00 | **$65.00** |
| Resprop Management Company LLC | $52.00 | **$52.00** |
| TRG Management Company LLLP | $52.00 | **$52.00** |
| Avanti Residential – Sanctuary TIC I, LLC | $112.50 | **$65.00** |
| Milestone Management Services, Inc. | $37.50 | **$37.50** |
| Pinnacle Property Management Services, LLC | $112.50 | **$65.00** |
| Taplin Falls, LTD | $112.50 | **$65.00** |

| Equity Management Partners, Inc. | $112.50 | **$65.00** |
|---|---|---|
| HTG Management, LLC | $112.50 | **$65.00** |
| HCA Florida Healthcare – Behavioral Health | $82.50 | **$65.00** |
| LeaseFlorida Sunrise LLC | $37.50 | **$37.50** |
| LeaseFlorida Sunrise LLC | $44.91 | **$44.91** |
| **Total** | $1,703.91 | **1,328.91** |

### B. Court Reporters and Deposition Transcripts

Section 1920(2) permits the taxing of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *W&O, Inc.*, 213 F.3d at 621; *see also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391, at *1 (S.D. Fla. Nov. 10, 2015). The party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391, at *1 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)). Court reporter attendance fees are also taxable under § 1920(2). *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).

Although the cost of deposition transcripts is taxable when necessarily obtained for use in the case, certain costs are not recoverable. "Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case." *Birren v. Royal Caribbean Cruises Ltd.*, No. 1:20-CV-22783, 2023 WL 319136, at *5 (S.D. Fla. Jan. 3, 2023), *report and recommendation adopted,* 2023 WL 315793 (S.D. Fla. Jan. 19, 2023); *see also Levesque v. Gov't*

*Emps. Ins. Co.*, No. 15-14005-CIV, 2022 WL 1667409, at *3 (S.D. Fla. Mar. 5, 2022) (same);

*Chase Bank USA, N.A. v. Jacucci*, No. 19-62318-CIV, 2021 WL 2689961, at *1 (S.D. Fla. Apr. 6,

2021) ("[T]he Court finds that [plaintiff's] claimed costs of $122.60 for additional copies of

exhibits to the deposition, the litigation support package, and electronic processing and delivery

are not recoverable."); *RGF Env't Grp. v. Activ Tek Env't Corp.*, No. 08-80682-CIV, 2010 WL

3269982, at *3 (S.D. Fla. July 21, 2010), *report and recommendation adopted*, 2010 WL 3269976

(S.D. Fla. Aug. 18, 2010) (declining to award costs for "deposition exhibits, delivery charges,

expedited fees, postage costs, condensed transcripts, ASCII disks, or copies of transcripts

embedded in court reporter expense").

Defendant seeks to recover the following costs for a court reporter and deposition

transcripts:

| Description | Amount |
| --- | --- |
| Court reporter for Sarah Israel deposition | $502.61 |
| Sarah Israel deposition transcripts | $1,013.43 |
| Kiley Niziol and Patrick Hutchinson deposition transcripts[3] | $396.00 |
| Lela Blunck deposition transcripts | $242.00 |

[DE 77–3].  Plaintiff has failed to object to these amounts nor assert (much less demonstrate) that

any of these depositions were not necessary for the case.

Defendant, as the prevailing party, may recover court reporter attendance fees under §

1920(2).  Therefore, Defendant should be awarded the full $502.61 for the court reporter used

during Plaintiff's deposition.  Additionally, after reviewing the invoice for Plaintiff's deposition,

there do not seem to be any miscellaneous costs save for the $14.88 exhibit fee.  Since the exhibit

fees is not recoverable, Defendant should only be awarded $998.55 for Plaintiff's deposition

---

[3] Kiley Niziol and Patrick Hutchinson's deposition transcripts were charged together.

8

transcript.  Finally, the deposition transcripts for Kiley Niziol, Patrick Hutchinson, and Lela Blunck do not contain any miscellaneous charges.  Thus, Defendant should be awarded the full amount charged for those transcripts ($396.00 and $242.00).  When tallying up the total taxable costs for court reporters and deposition transcripts, Defendant should be awarded $2,139.16.

### CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 77] be **GRANTED-IN-PART and DENIED-IN-PART** and that the Court award Plaintiff taxable costs in the amount of **$3,468.07**.[4]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable David S. Leibowitz, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except for plain error if necessary in the interests of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 23rd day of December 2024.



**Jared M. Strauss**
**United States Magistrate Judge**

---

[4] That total comprises of:
1. $1,328.91 Subpoena Fees
2. $2,139.16 Court Reporter and Deposition Transcripts